### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**ORLANDO BETHEL,**
      **Plaintiff,**

**vs.**                               **Case No: 3:05cv376/MCR/MD**

**ESCAMBIA COUNTY SHERIFF'S OFFICE, et al.,**
      **Defendants.**

---

### REPORT AND RECOMMENDATION

This case filed pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, is now before the court upon defendant Escambia County Sheriff's Office's motion to dismiss. (Doc. 15). Plaintiff has responded in opposition to the motion. (Doc. 17). For the reasons that follow, the undersigned concludes that the Escambia County Sheriff's Office is not a proper party to this proceeding, and should be dismissed.

The capacity to be sued in federal court is governed by the law of the state in which the district court is located. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing FED.R.CIV.P. 17(b)). In Florida, there is no such legal entity as the "Escambia County Sheriff's Office." Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers, including sheriffs. FLA. CONST. ART. VIII, §§ 1 (a) and (d). However, no provision is made constitutionally or statutorily for a "Sheriff's Office" as a separate legal entity, as an agency of the county, or as a corporate entity, nor is a Sheriff's Office given authority to be sued in such a name. *See Hobbs v. Holmes County Sheriff's Dep't*, No. 5:04cv82/RH, doc. 10, p. 3 (N.D. Fla. 2004) (concluding that the Holmes County Sheriff's Department is not a suable entity); *Turner v. Bieluch*, No. 9:03cv81059, doc. 12 (S.D. Fla. 2004) (concluding that Palm Beach County Sheriff's

Office lacks capacity to be sued); *Erickson v. Hunter*, 1996 WL 427769 at *1 (M.D. Fla. 1996) (unpublished opinion) (dismissing claims against Collier County Sheriff's Office on grounds that it lacks the capacity to be sued); *Jones v. Collier County Sheriff's Dep't*, 1996 WL 172989 (M.D. Fla. 1996) (holding that the Collier County Sheriff's Office is not a legal entity and therefore cannot be sued); *see also Post v. City of Ft. Lauderdale*, 750 F.Supp. 1131 (S.D. Fla. 1990) (holding that individual departments or divisions which are an integral part of city government could not be held liable).

In his response, plaintiff argues that the subject defendant should not be dismissed from this suit merely because plaintiff incorrectly identified it as the Escambia County Sheriff's Office instead of the Escambia Sheriff's Office; that they are the same entity; and that this defendant is now "attempting to use this abrupt name change as a defense even though the sign by the Sheriff's Office STILL announce[s] 'Escambia County Sheriff's Office' as well as the internet website." (Doc. 17, pp. 3-4). Plaintiff misses the point. The problem is not that he misnamed the entity; it is that this entity, whether referred to as the Escambia County Sheriff's Office or the Escambia Sheriff's Office, does not have the capacity to sue or be sued and cannot be a party to this action.

Accordingly, it is respectfully RECOMMENDED:

That defendant Escambia County Sheriff's Office's motion to dismiss (doc. 15) be GRANTED, and this cause be dismissed with prejudice as to said defendant.

At Pensacola, Florida this 1st day of March, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**