**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ORLANDO BETHEL,**
       **Plaintiff,**

vs.                                             **Case No: 3:05cv376/MD**

**ESCAMBIA COUNTY SHERIFF'S OFFICE, et al.,**
       **Defendants.**

___

## ORDER

This case filed pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, is now before the court upon plaintiff's motion for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. (doc. 28). Defendants McNesby, Small and Harris have responded in opposition to the motion (doc. 29).[1] For the reasons that follow, the undersigned concludes that the motion should be denied.

## BACKGROUND

Plaintiff sues defendants in their individual and official capacities, alleging that they violated his constitutional rights on October 26, 2003 by barring him from conveying his religious message in Escambia County, Florida (doc. 7). Defendant McNesby has answered plaintiff's amended complaint, denying plaintiff's allegations and raising numerous affirmative defenses including, but not limited to, plaintiff's failure to state a cause of action against him individually or in an official capacity (doc. 20). Defendants Small and Harris have answered plaintiff's amended complaint, denying plaintiff's allegations and raising numerous affirmative defenses

___

[1] The entity identified as the Escambia County Sheriff's Office has been dismissed with prejudice (doc. 24).

including, but not limited to, plaintiff's failure to state a cause of action against them in an official capacity and their entitlement to qualified immunity (docs. 19 & 25).

## DISCUSSION

### The Rule 12(c) Standard

"Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1300 (11th Cir. 2001) (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999)). A fact is "material" if it "might affect the outcome of the suit under the governing [substantive] law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *accord Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992). "In other words, a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings." *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1957).[2]

For purposes of a motion for judgment on the pleadings, all of the factual allegations of the non-moving party's pleadings are taken as true, but those of the moving party are taken as true only where and to the extent that they have not been denied or do not conflict with those of the non-moving party's pleadings. If denied, the moving party's allegations are taken as false. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *Stanton, supra*. "Thus, the plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 (3rd ed.); *see e.g., Austad v. United States*, 386 F.2d 147 (9th Cir. 1967) (holding that a motion for judgment on the pleadings by the government in an action to foreclose a mortgage and for judgment against the guarantors of the note should not have been granted if the guarantors' amended

---

[2]Pursuant to *Bonner v. City of Prichard, Alabama*, 661 F.2d 1206 (11th Cir. 1981), the decisions of the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, are binding as precedent on all federal courts within the Eleventh Circuit.

answer raised a defense, which, if proved, would have defeated the government's claim).

**Whether Attachments to a Pleading May Be Considered in Deciding a Motion for Judgment on the Pleadings**

With regard to consideration of attachments to a pleading, the Eleventh Circuit has explained:

> Federal Rule of Civil Procedure 12(c) contains a conversion provision which states that: "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Rule 7(a) defines "pleadings" to include both the complaint and the answer, and Rule 10(c) provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." It would seem to follow that if an attachment to [a complaint or] an answer is a "written instrument," it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment.

*Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002). The Eleventh Circuit went on to hold that the "incorporation by reference" doctrine applies to Rule 12(c) motions. *Id.* Under that doctrine, a document attached to a pleading may be considered by the court without converting the Rule 12(c) motion into one for summary judgment only if the attached document is: (1) central to a claim; and (2) undisputed in the sense that the authenticity of the document is not challenged. *Id.*

**The Merits of Plaintiff's Motion for Judgment on the Pleadings**

In support of his motion for judgment on the pleadings, plaintiff relies on the exhibits attached to his amended complaint which include the following: a videotape (Exhibit A), an audio tape (Exhibit B), a copy of a "Seized/Released Property Receipt" (Exhibit C), two photographs (Exhibits D & E), an incomplete excerpt from the WEAR TV website (Exhibit F), and a letter from Erik Stanley to John Jolly dated October 28, 2003 (Exhibit G). Defendants object to the court's consideration of these documents on the grounds that "[t]he exhibits have not been authenticated, are subject to evidentiary objections, including hearsay, and do not support a Motion for Judgment

on the Pleadings." (Doc. 29, p. 3). Using the *Horsley* case as guidance, the court will not consider any of the exhibits attached to the complaint in ruling on plaintiff's motion for judgment on the pleadings for the following reasons. The only exhibits that can fairly be characterized as written instruments are Exhibits C, F and G. Exhibit F is incomplete, and defendants dispute the authenticity of the remaining exhibits.

Furthermore, upon review of defendants' answers and affirmative defenses and the allegations of plaintiff's amended complaint, the court concludes that disputes of material fact exist as to what occurred on the date in question.[3] Moreover, defendants' answers raise defenses which, if proved, would defeat recovery for plaintiff.

Accordingly, it is ORDERED that plaintiff's motion for judgment on the pleadings (doc. 28) is DENIED.

DONE AND ORDERED this 7th day of July, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] For example, defendant McNesby's answer denies all of the factual allegations of plaintiff's amended complaint, with the exception of admitting that at all times relevant, he was the duly elected Sheriff of Escambia County, Florida (doc. 20). Defendant Harris' answer denies all of the factual allegations of plaintiff's amended complaint, with the exception of admitting that plaintiff was not issued a citation (doc. 19). Defendant Small's answer denies all of the factual allegations as stated in plaintiff's amended complaint, with the exception of admitting that he approached plaintiff and ordered him to remove the five signs that plaintiff had placed on the County right-of-way and to put them in his vehicle; that plaintiff responded that he rotates holding each of his signs and there was no ordinance that stated that he could not have his religious message signs laying flat on the ground next to him while he rotated holding each of his signs; that Deputy Small again requested that plaintiff remove his signs that were on a County right-of-way; that Small told plaintiff to either hold all five of the signs in his hands or put the signs into his vehicle; that Small told plaintiff to remove the signs from the ground or they could be confiscated; that plaintiff argued with Deputy Small with respect to his religious message signs; that plaintiff continued to argue with Deputy Small with respect to his religious message signs; that Deputy Small again instructed plaintiff to either put his signs in his vehicle or they would be confiscated; that after plaintiff repeatedly refused to comply with Deputy Small's instructions, plaintiff's signs were confiscated; and that plaintiff was not issued a citation (doc. 25).