**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ORLANDO BETHEL,**
    **Plaintiff,**

vs.                                        **Case No. 3:05cv376/MD**

**ESCAMBIA COUNTY SHERIFF'S OFFICE, et al.,**
    **Defendants.**

---

**O R D E R**

    This cause is before the court upon plaintiff's filing styled "Notice for Magistrate Judge Miles Davis to be Removed Based on Personal Bias, Prejudice Adultery (28 USC 144) (Abuse of Discretion and Ruling Arbitrarily)." (Doc. 93).

    Plaintiff has used this filing as a platform to direct venomous rhetoric at the undersigned. For example, plaintiff has responded to this Court's enforcing its local rules by accusing the undersigned of "tyrannical and arbitrary Judgeship." (Doc. 93, p. 5). Plaintiff further conveys his dissatisfaction with the undersigned's rulings by accusing him of the "crime of adultery," and referring to him as "a criminal" who "should be prosecuted." (*Id.*, p. 6). Plaintiff asserts that the undersigned's status as an "adulterer" renders him biased and prejudiced against plaintiff because the undersigned is aware that plaintiff "sees an adulterer as a 'whoremonger' and worthy of hell fire and . . . that Christians preach against adultery." (*Id.*). Plaintiff concludes that the undersigned "does not have the yielding of conviction of the HOLY SPIRIT needed in order to oversee the Plaintiff's [sic], who is a Spirit Filled Christian." (*Id.*).

    This Court will not sit quietly by in the face of plaintiff's inflammatory invective. Plaintiff has the right to disagree with the rulings entered by this Court. However, such

dissidence does not confer upon plaintiff license to insult and vilify this Court in his written filings.  *See generally Sacher v. United States*, 343 U.S. 1, 9, 72 S.Ct. 451, 455 (1952) ("But if the ruling is adverse, it is not counsel's right to resist it or to insult the judge -- his right is only respectfully to preserve his point for appeal.").  As one court of appeals put it, "Litigants are understandably disappointed when they do not prevail in court, but that does not given them the license to attack the integrity of the judiciary.  Such abusive conduct will not be tolerated, not even from a *pro se* litigant."  *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000); *see also Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978) ("Our *pro se* practice is a shield against the technical requirements of a past age; it is not a sword with which to insult a trial judge.").

It is well-settled that district courts possess the inherent power to sanction errant litigants before them.  *See Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 f.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing district courts' inherent authority to enforce orders and provide for efficient disposition of litigation); *F.J. Hanshaw Enterprises, Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.").  Indeed, "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotations and brackets omitted).  Under this authority, federal courts are empowered to impose a wide range of sanctions for offensive or disrespectful conduct.  *See F.J. Hanshaw*, 244 F.3d at 1136 ("As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."); *In re Prewitt*, 2003 WL 22965563 (5th Cir. Dec. 17, 2003) (district court had inherent power to ban attorney from third floor of federal courthouse in Greenville, Mississippi); *Shepherd v. American Broad. Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995) (pursuant to inherent power, courts may protect institutional integrity "with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including

even dismissals and default judgments"). "[T]he choice of an appropriate sanction must be handled on a case-by-case basis." *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003); *see also In re Prewitt*, 280 F.Supp.2d 548, 562 (N.D. Miss. 2003) ("The court possesses the discretion to tailor sanctions to the particular facts of the case.").

The undersigned is of the opinion that sanctions are warranted for plaintiff's efforts to malign, calumniate and denigrate this tribunal with such a scurrilous filing. Plaintiff's conduct constitutes or is tantamount to bad faith. *See Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1202 (11th Cir. 2006) (stating that before a court can impose sanctions under its inherent powers, it must make a finding of bad faith). Notwithstanding plaintiff's *pro se* status, his pleadings must exhibit proper decorum and respect, regardless of whether he concurs with this Court's decisions. Under the circumstances presented here, the Court finds that the appropriate sanction is to strike plaintiff's most recent filing in its entirety. *See generally Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836 (10th Cir. 2005) (striking as intolerable briefs on appeal that do little more than attempt to impugn, without basis, integrity of district judge).

Accordingly, it is ORDERED:

Plaintiff's "Notice for Magistrate Judge Miles Davis to be Removed Based on Personal Bias, Prejudice Adultery (28 USC 144) (Abuse of Discretion and Ruling Arbitrarily)" (doc. 93) is STRICKEN.

**Plaintiff is hereby notified that all future pleadings, motions and other papers he files in this or any other action proceeding before the undersigned must comport with the basic standards of decorum and respect, as described in this Order. Failure to do so will result in those submissions being summarily stricken without comment.**

DONE AND ORDERED this 4th day of December, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

*Case No: 3:05cv376/MD*