IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ORLANDO BETHEL,

    Plaintiff,

vs.                                                     CASE NO.: 3:05cv376/MD

ESCAMBIA COUNTY SHERIFF'S
OFFICE, ET AL.,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE

COME NOW Defendants, RON MCNESBY, individually and in his official capacity as Sheriff of Escambia County, Florida, JEREMY JOSEPH SMALL and HALFORD SHERWOOD HARRIS[1], both individually and in their official capacities as Escambia County deputy sheriffs, through undersigned counsel and respond to this Court's Order entered December 5, 2006 showing cause why sanctions should not be imposed against counsel for Defendants for failure to comply with an order of the court. In response to the court's order, undersigned counsel states:

On July 7, 2006, this court entered its Mediation Order directing the parties to mediate this case by November 9, 2006. [Doc. 40] The order further stated:

---

[1] No cause of action in an official capacity exists against Defendants Small and Harris.

> The parties are directed to select a mediator certified by the Supreme Court of Florida as a circuit court mediator or a person otherwise mutually agreeable to the parties. If the parties are unable to agree upon a mediator by **September 11, 2006**, the Plaintiff shall immediately file a notice so indicating and I will appoint a mediator.

[Doc. 40, signed by Miles Davis, United State Magistrate Judge]

On September 5, 2006, Plaintiff filed a motion ordering undersigned counsel to contact Plaintiff to schedule the mediation. Plaintiff further requested "if the court will not direct or order the attorney Barbara Fromm to return my phone calls in order to agree to a mediator, please appoint a mediator." [Doc. 56]

On September 7, 2006, the court entered its order denying Plaintiff's request as premature and explaining that the court's order advised that the court would appoint a mediator only if the parties were unable to agree upon one by September 11, 2006. [Doc. 60]

On September 7, 2006, undersigned counsel thanked Plaintiff for his suggestion for a mediator in this case. Undersigned counsel also advised Plaintiff that she was required to receive input from certain people regarding Plaintiff's selection of a mediator. [Doc. 61, e-mail attached]

On September 12, 2006, Plaintiff forwarded to undersigned counsel an e-mail setting forth certain pre-mediation demands and requesting a reconsideration of Joseph Scott, Jr., as mediator. Undersigned counsel responded to Plaintiff's e-

mail explaining that she could not obtain an agreement for Mr. Scott to be the mediator and had requested that the court appoint a mediator.

On September 11, 2006, Defendants, through undersigned counsel, filed their request for the Court to appoint a mediator. The request advised the court that the parties had conferred with respect to the selection of a mediator but had been unable to agree upon a mediator. Accordingly, Defendants McNesby, Small and Harris respectfully requested that this court appoint a mediator in this case. [Doc. 64]

This court subsequently entered a Mediation Order that the case was to be mediated with Charles L. Cetti. The court subsequently entered an order appointing Michael J. Schofield as the court appointed mediator for this case. [Doc. 65&66]

Undersigned counsel had one telephone conference with a legal assistant for Michael J. Schofield to clear dates for mediation. November 1, 2006 was cleared on undersigned counsel's calendar for mediation with Michael Schofield. Plaintiff refused to accept Mr. Schofield as the mediator in this case and filed numerous documents to that effect. [Doc. 85, 86 & 87] Accordingly, the mediation did not occur on November 1, 2006 as intended by undersigned counsel.

Undersigned counsel had one telephone conference with Plaintiff and his wife, Glynis Bethel, with respect to mediation. Undersigned counsel carefully explained to Plaintiff and his wife that her clients had no preference as to a mediator and, accordingly, did not suggest a mediator. It was hoped that Plaintiff's mediator would be acceptable to the representatives of the Florida Sheriff's Self-Insurance Fund as

3

well as the Escambia County Sheriff's Office. Such was not the case. Undersigned counsel explained to Plaintiff and his wife that Mr. Schofield, the court appointed mediator, was acceptable to the defense to mediate this case. The conversation rapidly deteriorated when Mrs. Bethel insisted during the telephone conference that Joseph Scott would be the mediator despite the failure of the parties to agree on him to mediate the case. Mrs. Bethel then began making derogatory remarks to undersigned counsel including calling her a criminal and a witch. At that point, undersigned counsel terminated the telephone conversation.

On October 19, 2006, Plaintiff filed a Motion to Confirm Mediation and Motion to Object to Strike Magistrate Mediation Referral. [Doc. 75 & 76]

On October 26, 2006, Defendants' counsel filed a response to Plaintiff's Motion to Confirm Mediation and Motion to Object and Strike Magistrate's Mediation Referral. Defendants response specifically explained that undersigned counsel responded to Plaintiff by e-mail advising that she had provided his suggestion for a mediator to the individuals at the Escambia County Sheriff's Office and the Florida Sheriff's Self-Insurance Fund who must approve the mediator. Undersigned counsel's response specifically advised Plaintiff that she could not obtain an agreement for Mr. Scott to mediate this case. [Doc. 78, e-mail exhibits 1&2 attached]

Plaintiff's continued with their insistence that Joseph Scott mediate the case including filing a Notice of Appeal, since dismissed, of this court's order appointing Mr. Schofield to mediate this case. [Doc. 84]

Undersigned counsel was willing to have Mr. Schofield mediate this case and cleared November 1, 2006 on her calendar for the mediation. Plaintiff's actions both verbally and in court documents insisting that Joseph Scott mediate this case have made it impossible to schedule the required mediation with Mr. Schofield.

In retrospect, undersigned counsel should have sought relief from this Court to schedule mediation with Mr. Schofield; however, given Plaintiff's position that he did not have to comply with this court's order to schedule mediation with Mr. Schofield, it did not appear that court intervention would be helpful.

Undersigned counsel attempted to comply with this court's order and schedule mediation with Mr. Schofield as ordered by this court. Plaintiff's insistence that their choice of mediator was the only possible selection made it impossible to schedule mediation with Mr. Schofield as ordered by this court.

Undersigned counsel has confirmed with Mr. Schofield's office that he is available to mediate this case on January 17, 2007. This date is acceptable to undersigned counsel for Defendants.[2]

---

[2]Today this Court scheduled a pre-trial conference in Case. No.: 3:05cv362/MCR/MD for 8:00 a.m. on January 17, 2007. Undersigned counsel anticipates that mediation in this case could also take place on that date.

Undersigned counsel understands that the court mandates a mediation where all parties participate meaningfully toward a goal of successful resolution. Undersigned counsel would like that to occur; however, it has not been possible to schedule a mediation inasmuch as Plaintiff has steadfastly refused to mediate this case with anyone other than Joseph Scott.

Undersigned counsel sincerely apologizes to this Court for failing to meet the mediation deadline of November 9, 2006. Counsel for Defendants respectfully requests that this court decline to impose sanctions and to provide the parties with any assistance the Court deems necessary to schedule this mediation with Michael Schofield as ordered by this Court.

Respectfully submitted this 7th day of December, 2006.

*/s/ Barbara C. Fromm*
BARBARA C. FROMM
Florida Bar No. 894273
JOLLY & PETERSON, P.A.
Post Office Box 37400
Tallahassee, Florida 32315
Tel: (850) 422-0282
Fax: (850) 422-1913

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by U.S. Mail to Orlando Bethel, 12724-D Hwy. 90, Loxley, Alabama 36551 this 7th day of December, 2006.

*/s/ Barbara C. Fromm*
BARBARA C. FROMM