# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

ORLANDO BETHEL,

    vs                                        Case No. 3:05cv376/MD

ESCAMBIA COUNTY SHERIFF'S OFFICE, ET AL

## ORDER

**PLAINTIFF'S DOCUMENT ENTITLED "REPLY AND SECOND NOTICE AND AFFIDAVIT IN GOOD FAITH REQUESTING FOR MAGISTRATE JUDGE MILES DAVIS TO BE REMOVED BASED ON PERSONAL BIAS, PREJUDICE (28 USC 144) (ABUSE OF DISCRETION AND RULING ARBITRARILY) AGAINST THE PLAINTIFF BASED ON FRAUDULENTLY AND ERRONEOUSLY TAMPERING WITH THE PLAINTIFF'S COMPLAINT AND THREATENING THROUGH BRIBERY TO SILENCE THE PLAINTIFF FROM PRESSING CRIMINAL CHARGES OF ADULTERY, WHICH IS A FEDERAL CRIME, AGAINST MILES DAVIS WHO IS GUILITY [sic] OF OBSTRUCTION OF JUSTICE, PERJURY AIDING AND ABETTING, CONSPIRACY AGAINST THE PLAINTIFF IN FAVOR OF DEFENDANTS TO DEPRIVE THE PLAINTIFF OF HIS CONSTITUTIONAL RIGHTS [AND] MOTION TO STRIKE MAGISTRATE'S UNLAWFUL 'ORDER,'"** was referred to the undersigned. The court notes the following:

       The court's order of December 4, 2006 noted that the plaintiffs had referred to the undersigned as an adulterer and a whoremonger worthy of hell fire. The court informed the plaintiffs that they would be required to confine their pleadings to basic standards of decorum and respect, failing which their pleadings would not be accepted. (*See* doc. 106). Plaintiffs' response is set out in the instant pleading, in which the undersigned is addressed as a "lying bastard from the pit of hell," and in which plaintiffs ask God to "remove" the undersigned by plague, and accuse him of threatening "in bribery" to dismiss the case.

       Independent of the instant pleading, the case was dismissed on December 13, 2006 (crossing with this pleading, which had just been presented to the clerk according to the clerk's stamp) for the plaintiffs' failure to obey a separate order of the court. (*See* doc. 109). That is sanction enough, but if the court had not dismissed the case based on the reasons set out in its order of dismissal, the instant pleading is additional proof that plaintiffs have no intention of acting appropriately as litigants here. Another salvo like the

instant pleading will be met with the likelihood of a contempt proceeding.

For these reasons, IT IS ORDERED that:

>The document shall be filed by the clerk to serve as additional proof that plaintiffs merit sanctioning.

DONE and ORDERED this 14th day of December, 2006.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**